**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ENGINEERS JOINT WELFARE, PENSION,**
**SUPPLEMENTAL UNEMPLOYMENT BENEFIT AND**
**TRAINING FUNDS, by Daniel P. Harrigan, as Administrator;**
**OPERATING ENGINEERS LOCAL 17 TRAINING FUND,**
**by Frederick Eye, as Administrative Manager;**
**CENTRAL PENSION FUND OF THE INTERNATIONAL**
**UNION OF OPERATING ENGINEERS AND**
**PARTICIPATING EMPLOYERS, by Michael R. Fanning,**
**as Chief Executive Officer; and INTERNATIONAL**
**UNION OF OPERATING ENGINEERS, LOCAL UNION**
**NO. 17, by Mark N. Kirsch, as Business Manager,**

                                **Plaintiffs,**

                                                    **05-CV 1385 (NAM/GHL)**

**v.**

**BDR INC. and RAYMOND ZYLINSKI,**
**Individually and as an Officer of BDR Inc.,**

                                **Defendants.**
_____

**APPEARANCES**                              **OF COUNSEL:**

**Blitman & King LLP**                        **Jennifer A. Clark, Esq.**
_For Plaintiffs_
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204

HON. NORMAN A. MORDUE, CHIEF JUDGE:

## MEMORANDUM DECISION AND ORDER

## I.      INTRODUCTION

        Plaintiffs Engineers Joint Welfare, Pension, Supplemental Unemployment Benefit and

Training Funds, Operating Engineers Local 17 Training Fund, Central Pension Fund of the

International Union of Operating Engineers and Participating Employers, and International Union of Operating Engineers, Local Union No. 17, by their fiduciaries, bring this action alleging that defendants BDR Inc., and Raymond Zylinski violated the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185 (a) *et seq*., by failing to timely remit fringe benefit contributions and deductions.  Plaintiffs move for default judgment against defendants pursuant to Rules 55 and 54(b) of the Federal Rules of Civil Procedure, and seek delinquent fringe benefit contributions, wage deductions, interest, liquidated damages, audit fees, and attorneys' fees and costs.  Plaintiffs also seek an order compelling defendants to submit employment, payroll and related records to plaintiffs for the purposes of an audit.

## II.    FACTS

The Court has taken the following facts from plaintiffs' pleadings and submissions.[1] Defendant BDR Inc., is a party to collective bargaining agreements with International Union of Operating Engineers, Local Union No. 17 ("Agreement").  The Agreement obligates defendants to remit fringe benefit contributions and deductions to plaintiffs for all hours worked by employees who are covered by the Agreement, i.e., performing bargaining unit work.  Defendant Raymond Zylinski owned, controlled, and dominated the affairs of BDR Inc.

Pursuant to the Agreement, defendants are bound by the rules and regulations of the Funds' Board of Trustees and the terms and conditions of the Agreements and Declarations of Trust of the Engineers Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds, Central Pension Fund of Operating Engineers, and the Collections Policy of the Engineers

---

[1]Defendants have submitted no contrary evidence as to the material facts.

2

Joint Benefit Funds ("Agreements and Declarations of Trust" and "Collections Policy"). The Agreements and Declarations of Trust, the Collections Policy, and Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145 obligate defendants, if delinquent in remitting contributions and deductions, to pay the delinquent amounts as well as interest, liquidated damages, and attorneys' fees and costs.

Based on defendants' failure to remit benefit contributions and deductions to plaintiffs from October 2004 to August 2005, defendants owe $10,668.08 in fringe benefit contributions and deductions, $3,237.57 in interest, $3,921.22 in liquidated damages, and $2,431.66 in attorneys' fees and costs, including paralegal fees. Thus, plaintiffs seek judgment on their first, second, fourth, and fifth causes of action. Plaintiffs also seek an order directing defendants to produce their books and records to plaintiffs for an audit, pay the cost and expense of such audit, and pay all attorneys' fees and paralegal fees and costs incurred in obtaining an audit. Additionally, plaintiffs request that the Court retain jurisdiction over their third and sixth causes of action for purposes of entering judgment for any contributions and deductions plaintiffs determine from the audit to be due and owing, as well as applicable interest, liquidated damages, and costs and expenses of collection.

**III.    DISCUSSION**

**A.    Standard – Default Judgment Rule 55(b)**

Under Rule 55(b) of the Federal Rules of Civil Procedure, default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y. 1987). Rule 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before their motion for default judgment may be

granted.  Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit showing that defendant is not an infant or incompetent, or in the military service.  *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

Rule 54(b) provides, in pertinent part, that "[w]hen more than one claim for relief is presented in an action...or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties...upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  *See Advanced Magnetics v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997). There is "no just reason for delay" "where a plaintiff might be prejudiced by a delay in recovering a monetary award."  *Id.* (citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 11-12 (1980).

As referenced above, plaintiffs filed and served a summons and complaint.  Defendants have not answered the complaint.  Plaintiffs timely served defendants written notice of the application for judgment pursuant to Fed. R. Civ. P. 55(b)(2).  Defendants never answered or otherwise moved with respect to the complaint.  Plaintiffs received a clerk's entry of default on December 29, 2005.  On January 27, 2006, plaintiffs filed a motion for default judgment and submitted the required affidavits pursuant to Rule 55(b)(2).  Pursuant to Rule 54(b), plaintiffs have shown that there is "no just reason for delay," since the corpus and income of plaintiffs' funds have been reduced.  Further, plaintiffs have submitted an affidavit by their counsel showing that defendants are not infants or incompetent, and are not in the military service.  Therefore,

plaintiffs have fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address liability.

## C.    Liability

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 61415, *1 (W.D.N.Y. June 28, 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992)). The allegations in plaintiffs' complaint and supporting documents, as summarized below, are therefore presumed accurate.

### 1.    Delinquent Contributions and Deductions

Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Further, where the contract between the parties classifies unpaid contributions as trust assets, the controlling officer of the company is a fiduciary individually liable for a delinquency if he withholds contributions from the plans. *NYSA-ILA Med. and Clinical Servs. Fund v. Catucci*, 60 F.Supp.2d 194 (S.D.N.Y. 1999); *LoPresti v. Terwilliger*, 1216 F.3d 34, 40 (2d Cir. 1997) (finding that individual who commingled plan assets with general assets, and used plan assets to pay company creditors, rather than forwarding the assets to the plaintiff funds meant that he "exercise[d] . . . authority or control respecting . . . disposition of [plan] assets, and hence is a fiduciary for purposes of imposing personal liability under ERISA.").

Here, according to the complaint, defendants employed individuals covered by employee

5

benefit plans and multi-employer plans maintained pursuant to the Agreement.  Under the Agreements, Agreements and Declarations of Trust, and Collections Policy, defendants are required to pay contributions and deductions on behalf of covered employees.  Plaintiffs assert that defendants failed to timely make the required contributions and deductions from October 2004 to August 2005.  Therefore, defendants' conduct, as alleged, stands in violation of ERISA.

Additionally, according to the complaint, unpaid contributions are plan assets, and Zylinski, as the controlling officer, is an ERISA fiduciary personally liable for the delinquency by withholding the fringe benefit contributions from the plans.  Defendant Zylinski may therefore be held personally liable under ERISA.

### 2.    Audit

Plaintiffs also seek judgment on their third and sixth causes of action and request that the Court enter an order directing defendants to produce their books and records for plaintiffs' review and audit, to pay the costs and expenses of such audit, and to pay all attorneys' fees and costs incurred in obtaining that audit.  Plaintiffs further request that the Court retain jurisdiction over this action for the purposes of entering judgment for any and all contributions and deductions that are determined to be due and owing as a result of the audit, plus the applicable interest thereon, liquidated damages, and costs and expenses of collection.

Where a Fund's trust documents, to which an employer has bound itself, specifically provide that Fund trustees can examine any of the employer's records, an employer must comply with such agreed upon obligations.  *Central States, Southeast & Southwest Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985).  Furthermore, "Fund Trustees have a fundamental duty to locate and take control of Fund property - a duty for which the right to audit is crucial."

*Jaspen v. Glover Gas Corp.*, 80 F.3d 38, 41 (2d Cir. 1996). Such a right is "essential to the management of the Funds." *Id.*

In the instant case, the complaint alleges that the Agreement, Agreements and Declaration of Trust, and Collections Policies obligate defendants to permit the Plans, on demand, to audit their books and records, including their payroll records relating to hours worked by all employees. Further, defendants are contractually liable under the Agreement, Trusts, and Collections Policies to timely report on a monthly basis the number of hours worked by all of their employees performing bargaining unit work. According to the complaint, however, defendants have failed to timely submit remittance reports rendering plaintiffs unable to determine whether defendants accurately reported the number of hours worked by their employees.

The complaint, therefore, adequately alleges plaintiffs' entitlement to an audit and provides a sufficient basis for the Court to grant judgment on the third and sixth causes of action.[2] For the reasons discussed below, the Court, however, refers the determination regarding the scope of the audit to the Honorable George H. Lowe, United States Magistrate Judge, for a recommendation. The Court retains jurisdiction over these causes of action pending the findings of the audit.

**D.    Damages**

---

[2] Attorney Debora K. Becerra filed a letter dated February 26, 2006, on defendants' behalf objecting to the portion of plaintiffs' motion for default judgment which seeks an audit of BDR's books and records. Dkt. no. 10. Ms. Becerra, however, is not admitted to practice before the Northern District of New York. The Court advised Ms. Becerra on a number of occasions that if she did not seek admission to the Northern District, the Court would strike the letter from the docket. Ms. Becerra never responded to the Court or sought admission to the Northern District. Consequently, in an Order entered on September 1, 2006, the Court struck the letter from the docket. Dkt. no. 13.

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Id*.  Where a violation of 29 U.S.C. § 1145 has occurred, ERISA authorizes plaintiffs to enforce an employer's obligations to remit contributions in accordance with the terms of the Agreement, Trusts, and Collections Policy, and collect delinquent contributions and deductions, interest, liquidated damages, and audit fees.  *See* 29 U.S.C. § 1132(g)(2)(A-D).

In this case, plaintiffs have submitted a number of documents which they claim show the damages they sustained as a result of defendants' conduct.  The facts and documents in this regard, however are introduced through the affidavit of plaintiffs' counsel, who does not purport to have personal knowledge.  Thus, there is insufficient evidence on which to enter the amount of damages or to enter an order regarding the scope of the audit.  *See id*. at 154-55 (finding there was insufficient evidence on which to enter the amount of the judgment because "[a]t the time judgment was entered, the court had before it only the allegations in the complaint and the affidavit of plaintiff's counsel, who did not purport to have personal knowledge of the facts, asserting an amount of damages sustained by plaintiff as a result of defendant's failure to deliver the securities.").  Accordingly, this matter is hereby referred to Magistrate Judge Lowe for the purpose of conducting a hearing, or soliciting affidavits and documentary evidence, pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of

plaintiffs' damages, and to determine the appropriate scope of the audit, and to prepare and forward to the undersigned a Report and Recommendation.[3]

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that in view of default by defendants in failing to answer the Complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendants on December 29, 2005, and no appearance or objection having been made by defendants since that time, plaintiffs' motion for default judgment against defendants is **GRANTED with respect to the first, second, fourth, and fifth causes of action**; and it is further

**ORDERED** that this matter is referred to the Honorable George H. Lowe for the purpose of conducting a hearing, or soliciting affidavits and documentary evidence, pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs' damages and the scope of the audit; and it is further

**ORDERED** that Magistrate Judge Lowe prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such damages upon which he determines plaintiffs are entitled to have judgment entered as well as the scope of the audit; and it is further

**ORDERED** that the Court retains jurisdiction over the **third and sixth causes of action** matter pending the findings of the audit.

DATE:  September 29, 2006

Norman A. Mordue
Chief United States District Court Judge

---

[3]There is evidence in admissible form regarding attorneys' fees.  The Court will, however, refrain from calculating any award at this time and will instead await a Report and Recommendation from Magistrate Judge Lowe on this issue.