UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ENG'RS JOINT WELFARE, PENSION, SUPP. UNEMPL. BENEFIT AND TRAINING FUNDS, by Daniel P. Harrigan, as Adm'r; OPERATING ENG'RS LOCAL 17 TRAINING FUND, by Frederick Eye, as Admin. Manager; CENT. PENSION FUND OF THE INT'L UNION OF OPERATING ENG'RS AND PARTICIPATING EMPLRS., by Michael R. Fanning, as Chief Executive Officer; and INT'L UNION OF OPERATING ENG'RS, LOCAL UNION NO. 17, by Mark N. Kirsch, as Business Manager, | 5:05-CV-1385 (NAM/GHL) |

                                        Plaintiffs,

v.

BDR Inc.; RAYMOND ZYLINSKI, Individually and as an Officer of BDR Inc.

                                        Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BLITMAN & KING, LLP<br>  Counsel for Plaintiffs<br>Franklin Center<br>443 North Franklin Street, Suite 300<br>Syracuse, NY 13204-1415 | JENNIFER A. CLARK, ESQ. |

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      Plaintiffs commenced this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), alleging that Defendants failed to timely remit fringe benefit contributions and wage deductions to Plaintiffs from October 2004 through August 2005, pursuant to the applicable provisions of the parties' collective bargaining agreements, trust

agreements and collection policies (hereinafter "Agreements").  (*See generally* Dkt. No. 1.) Liability on the part of Defendants has been declared based upon their default, and the matter has been referred to me by Chief United States District Judge Norman A. Mordue for the issuance of a Report and Recommendation addressing Plaintiffs' entitlement to the relief sought in the Complaint, including, *inter alia*, delinquent fringe benefit contributions and deductions, interest, liquidated damages, attorneys' fees and costs, and an audit of Defendant BDR's books and records.  (Dkt. No. 14, at 5-9.)

I.  **RELEVANT PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint in this action on November 4, 2005.  (Dkt. No. 1.) Defendants never answered or appeared.  By Memorandum-Decision and Order dated September 29, 2006, Chief Judge Mordue granted Plaintiffs' motion for default judgment, finding, *inter alia*, that they had adequately alleged that Defendants violated ERISA and the LMRA by failing to timely remit fringe benefit contributions and deductions to Plaintiffs from October 2004 through August 2005.  (Dkt. No. 14, at 5-7.)  In their motion for default judgment, Plaintiffs had also sought an award of damages in the amount of the delinquent contributions and deductions, interest, liquidated damages, and attorneys' fees and costs.  (Dkt. No. 8, Part 10, at 4-8, 11-15.) In support of their request, Plaintiffs had submitted a number of documents introduced through an affidavit by their attorney who did not purport to have personal knowledge (except with regard to the issue of attorneys' fees and costs).  (Dkt. No. 8, Part 2.)  As a result, Chief Judge Mordue declined to enter an award of damages in the absence of evidence in admissible form substantiating Plaintiffs' claimed damages and referred the matter to me for a hearing on damages and to determine the scope of the audit.  (Dkt. No. 14, at 6-9.)  On November 6, 2006, I

conducted a telephone conference with Plaintiff's counsel, during which I permitted her to file supplemental affidavits on damages by December 1, 2006, which she subsequently did. (*See* Dkt. Nos. 15, 16.).

## II. DISCUSSION

### A. Default Judgment Generally

Rule 55(b) of the Federal Rules of Civil Procedure permits the entry of default judgment against a defendant who has failed to plead or otherwise defend in an action. Fed. R. Civ. P. 55(b); *see also Disney Enter., Inc. v. Merchant*, 05-CV-1489, 2007 WL 527921, at *1 (N.D.N.Y. Feb. 13, 2007) (Mordue, C.J.) (citing *Parise v. Riccelli Haulers, Inc.*, 672 F. Supp. 72, 74 [N.D.N.Y. 1987]). In such an instance, the defaulting party's failure to defend constitutes an admission of all well-pleaded factual allegations set forth in the complaint, except as to those relating to damages. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *Greyhound Exhibitgroup*, *Inc. v E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Here, Chief Judge Mordue has found, based upon Defendants' default, that Defendants' conduct stands in violation of ERISA, that Defendants are liable to Plaintiffs for some amount of damages (including delinquent fringe benefit contributions and deductions, interest, liquidated damages, audit fees, and attorneys' fees), and that Plaintiffs are entitled to perform an audit of Defendants' books and records. (Dkt. No. 14, at 5-9 & n.5.) In his decision, however, Chief Judge Mordue noted the Court's obligation to conduct an inquiry in order to ascertain the precise amount of damages owed by Defendants to a reasonable certainty, and the scope of the audit, citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). (Dkt. No. 14, at 7-9.)

In determining the proper amount of damages to be awarded upon a default judgment, it is not necessary for a court to conduct an evidentiary hearing, provided that it takes reasonable measures to insure the existence of a sufficient basis to conclude that the damages sought in the default judgment were suffered as a result of the defendant's conduct. *Fustok v. ContiCommidity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *Int'l Bhd. of Elec. Workers Local No. 43 Pension, Annuity, Health and Welfare Funds v. Meacham Elec. Contractors, Inc.,* 05-CV-0754, 2006 WL 3096486, at *2 (N.D.N.Y. Oct. 27, 2006) (Mordue, C.J.). Accordingly, when affidavits are submitted based upon personal knowledge establishing an adequate basis for the damages sought, an evidentiary hearing is not required, and a court may base its default judgment on such evidence.[1] *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) [collecting cases].

### B.     Delinquent Contributions and Deductions

Plaintiffs have submitted evidence that the Agreements entered into between Defendants and Plaintiffs obligated Defendants to remit, in a timely fashion, fringe benefit contributions and deductions to Plaintiffs. (*See generally* Dkt. No. 15.)  In particular, Plaintiffs have submitted the affidavit of Daniel P. Harrigan, who, during the time in question, was the Administrator of Plaintiff Engineers Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds (and the collection agent for the other Plaintiffs in this action). (Dkt. No. 15, Part 1, ¶ 1

---

[1] The Second Circuit has recently noted the existence of an additional requirement, precluding a plaintiff (when requesting the entry of default judgment) from seeking relief that is not specified in its complaint. *See Silge v. Merz,* 510 F.3d 157, 159-61 (2d Cir. 2007). This additional requirement presents no impediment in this case, since Plaintiffs' Complaint specifically requests each of the elements of damages now sought. (*See, e.g.*, Dkt. No. 1, "Prayer for Relief.")

4

[Harrigan Affid.].) Mr. Harrigan's affidavit outlines the parties' relationships and duties under their Agreements. (*Id*. at ¶¶ 1, 3-12.) Mr. Harrigan's affidavit also states that the outstanding fringe benefit contributions and deductions to which Plaintiffs are entitled for the period of October 2004 through August 2005, amount to $2,636.94. (*Id*. at ¶¶ 13-16.) Accompanying Mr. Harrigan's affidavit are affidavits and exhibits substantiating this sworn assertion. (Dkt. No. 15, Parts 3-7; *see also* Dkt. No. 8, Part 9, at 8-17 [attaching Ex. G to Clark Affid.].)

Plaintiffs are therefore entitled under both ERISA and the NLRA to recover unpaid fringe benefit contributions and deductions owing under the relevant Agreements in this action. 29 U.S.C. §§ 185 and 1132(g)(2)(A); *see Lanzafame v. Diamond Exterior Restoration Corp.*, 04-CV-4951, 2006 WL 2265054, at *3-4 (E.D.N.Y. Aug. 8, 2006). As a result, I recommend that the default judgment to be entered include damages for unpaid fringe benefit contributions and deductions in the amount of $2,636.94.

    **C.**    **Interest**

Among the relief authorized under ERISA in a case of this nature is recovery of interest on unpaid contributions and deductions. 29 U.S.C. § 1132(g)(2)(B). The rate of interest to be applied to such an award is governed by the relevant Agreements. 29 U.S.C. § 1132(g)(2)(B); *see Lanzafame,* 2006 WL 2265054, at *5.

Here, the relevant Agreements specify that interest on unpaid contributions and deductions is to be calculated at a rate of between nine and twenty-four percent per year, depending on the particular Plaintiff to which the debt is owed. (Dkt. No. 15, Part 1, ¶ 10 [Harrigan Affid.]; *see also* Dkt. No. 15, Parts 3-5 [Affids. of Shue, Fanning and Kirsch]; Dkt. No. 8, Part 4, at 8 [attaching page 19 of Ex. D-1 to Clark Affid.]; Dkt. No. 8, Part 6, at 25-26

[attaches pages 17 and 18 of Ex. E-1 to Clark Affid.]; Dkt. No. 8, Part 7, at 25 [attaching page 18 of Ex. E-2 to Clark Affid.]; Dkt. No. 8, Part 9, at 4 [attaching page 3 of Ex. F to Clark Affid.].) Calculated at the applicable rates, Plaintiffs seek interest on the unpaid contributions and deductions in the sum of $2,525.34, calculated through November 30, 2006. (Dkt. No. 15, Part 1, ¶ 18 [Harrigan Affid.]; Dkt. No. 15, Part 6, ¶ 8 [DeMacy Affid.]; Dkt. No. 15, Part 7 [Ex. A to DeMacy Affid.].) I have reviewed Plaintiff's request and found it to comport with the governing Agreements and ERISA provisions.

As a result, I recommend that the Court's award include interest in the amount of $2,525.34, calculated through November 30, 2006. While Plaintiffs have not sought any interest incurred during the period of December 1, 2006, through the date of entry of judgment in this action, should they do so following the issuance of this Report-Recommendation, I recommend that such additional interest be awarded, assuming that Plaintiffs use the same rates to calculate that interest as they used to calculate the above-discussed, pre-December 1, 2006, interest.

      **D.**      **Additional Amount of Damages**

Section 502(g)(2) of ERISA authorizes recovery of an additional amount of damages equal to the greater of (1) interest on the unpaid contributions to be determined by using the rate provided under the plan or (2) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). Plaintiffs refer to this additional amount of damages generally as "liquidated damages." Such a general description of this additional amount of damages appears to be common. *See*, *e.g.*, *Perishable Food Industry Pension Fund v. Am. Banana Co., Inc.*, 01-CV-1922, 2003 21542316, at *5 (S.D.N.Y. July 1,

2003) (recognizing distinction between interest damages and liquidated damages under this section but casually referring to section as relating only to "liquidated damages"). However, I believe such a general description to be somewhat inaccurate based on a plain reading of 29 U.S.C. § 1132(g)(2)(C) and several well-reasoned decisions (which clearly distinguish between [1] damages equal to the interest on unpaid contributions and [2] "liquidated damages"). *See Jacobson v. Decora Elec. Co., Inc.*, 05-CV-4812, 2007 WL 2071563, at *5 (E.D.N.Y. June 5, 2007) (recognizing an award of additional damages under this section equal to interest on unpaid contributions, which is distinct from "liquidated damages"); *accord*, *Mason Tenders Dist. Council v. Aurash Const. Corp.*, 05-CV-1891, 2006 WL 647884, at *2 (S.D.N.Y. March 15, 2006); *Mason Tenders Dist. Council v. Envirowaste and Transcontractors, Inc.*, 98-CV-4040, 1999 WL 370667, at *2 (S.D.N.Y. June 7, 1999). For this reason, in this Report-Recommendation, I refer to the additional amount of damages referenced by 29 U.S.C. § 1132(g)(2)(C) as simply "an additional amount of damages."

    Here, the governing provisions of the relevant Agreements echo this allowance of an additional amount of damages. (*See*, *e.g.*, Dkt. No. 15, Part 1, ¶ 10 [Harrigan Affid.]; Dkt. No. 8, Part 6, at 26 [attaching page 18 of Ex. E-1 to Clark Affid.]; Dkt. No. 8, Part 7, at 25 [attaching page 18 of Ex. E-2 to Clark Affid.]; Dkt. No. 8, Part 9, at 4 [attaching page 3 of Ex. F to Clark Affid.].) Calculated at the rates provided for by 29 U.S.C. § 1132(g)(2)(C) and the Agreements, Plaintiffs seek recovery of this additional amount in the sum of $3,157.98. (Dkt. No. 15, Part 1, ¶ 18 [Harrigan Affid.]; Dkt. No. 15, Part 6, ¶ 8 [DeMacy Affid.]; Dkt. No. 15, Part 7 [Ex. A to DeMacy Affid.].) I have reviewed Plaintiffs' request and their evidence in support thereof, and I have confirmed that they have satisfied their burden of demonstrating entitlement to recovery of

this additional amount.

As a result, I recommend that the Court's judgment include a statutorily authorized additional amount of damages (i.e., damages awarded pursuant to 29 U.S.C. § 1132[g][2][C]) equal to $3,157.98. While Plaintiffs have not sought a statutorily authorized additional amount of damages incurred during the period of December 1, 2006, through the date of entry of judgment in this action, should they do so following the issuance of this Report-Recommendation, I recommend that such an additional amount of damages be awarded, assuming that Plaintiffs use the same rates to calculate that additional amount of damages as they used to calculate the above-discussed, pre-December 1, 2006, additional amount of damages.

   **E.**  **Costs and Reasonable Attorneys' Fees**

Section 502(g)(2) of ERISA permits a prevailing party in a case such as this to recover reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D); *see Lanzafame,* 2006 WL 2265054 at *5; *Keller v. Unum Life Ins. Co.*, 90-CV-5718, 1992 WL 346343, at *1 (S.D.N.Y. Sept. 30, 1992).

Here, the governing Agreements similarly provide for the recovery from a delinquent employer of costs and attorneys' fees, as well as any other expenses associated with audit and collection. (*See*, *e.g.*, Dkt. No. 15, Part 1, ¶ 10 [Harrigan Affid.]; Dkt. No. 8, Part 6, at 25-26 [attaches pages 17 and 18 of Ex. E-1 to Clark Affid.]; Dkt. No. 8, Part 7, at 25 [attaching page 18 of Ex. E-2 to Clark Affid.]; Dkt. No. 8, Part 9, at 4 [attaching page 3 of Ex. F to Clark Affid.]; Dkt. No. 8, Part 4, at 8-10 [attaching pages 19-21 of Ex. D-1 to Clark Affid.].)

Plaintiffs have requested a total of $4,595.17 in attorneys' fees and costs for services rendered during the period August 17, 2005, through November 20, 2006, in pursuing collection

8

of Defendants' delinquency. (Dkt. No. 15, Part 1, ¶ 20 [Harrigan Affid.].) I have reviewed Plaintiffs' request and found it to be supported by records detailing the amount of time spent performing the legal services for which recovery is sought, as well as the out-of-pocket expenses, as required in this Circuit. (Dkt. No. 8, Part 2, ¶¶ 34-38 [Clark Affid.]; Dkt. No. 8, Part 9, at 26-29 [Ex. J to Clark Affid.]; Dkt. No. 15, Part 8, ¶¶ 5-8 [Suppl. Clark Affid.]; Dkt. No. 15, Part 9 [Ex. A to Clark Suppl. Affid.].) *See also New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983).

I note that, applying the various hourly rates specified in their affidavits (and exhibits thereto) to the time expended, Plaintiffs seek recovery of the product of those figures, in the past often referred to as the "lodestar" amount, without seeking an upward or downward adjustment of that sum. Recently, the Second Circuit abandoned its use of the term "lodestar," and broadened the case-specific variables to be considered by a district court in that Circuit when setting a reasonable hourly rate for attorneys' work. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 2008 WL 961313, at *1-2, 7 (2d Cir. Apr. 10, 2008). Applying the legal standard articulated in *Arbor Hill*, 2008 WL 961313, at *1, I find that, based on the evidence adduced by Plaintiffs, they seek recoveries employing hourly rates that appear to be reasonable, consonant with generally prevailing rates in this community for work of the type performed, and not in need of adjustment based on the relevant case-specific variables identified by the Second Circuit in *Arbor Hill*.

As a result, I recommend that the Court's judgment include an award of attorneys' fees and costs in the total amount of $4,595.17.

### F.     Audit

Plaintiffs request an Order (1) requiring Defendants to produce their books and records for the period of December 2004 to date, so that Plaintiffs may review and audit them, (2) requiring Defendants to pay the cost and expense of such an audit, all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit, and (3) requiring Defendants to pay all contributions, deductions, interest and other damages (including liquidated damages) determined to be due and owing as a result of that audit.  (Dkt. No. 1, ¶¶ 34-41 & "Prayer for Relief" [Plfs.' Compl.]; Dkt. No. 8, Part 2, ¶¶ 30-33 [Clark Affid.]; Dkt. No. 8, Part 10, at 8-11 [Plfs.' Memo. of Law]; Dkt. No. 15, Part 1, ¶¶ 11, 12 [Harrigan Affid.].)

I have reviewed Plaintiffs' request and found it to be supported by both the law and the parties' Agreements.  (*See*, *e.g.*, Dkt. No. 15, Part 1, ¶¶ 11, 12 [Harrigan Affid.]; Dkt. No. 8, Part 6, at 8-10 [attaching pages 16 to 18 of Agreement contained in Ex. E-1 to Clark Affid.]; Dkt. No. 8, Part 6, at 14, 30 [attaching page 3 of Amendment to Agreement contained in Ex. E-1 to Clark Affid.]; Dkt. No. 8, Part 6, at 25 [attaching page 17 of Agreement contained in Ex. E-1 to Clark Affid.]; Dkt. No. 8, Part 7, at 9-10 [attaching pages 16 and 17 of Agreement contained in Ex. E-2 to Clark Affid.]; Dkt. No. 8, Part 7, at 14, 29-30 [attaching page 3 of Amendment Agreement contained in Ex. E-2 to Clark Affid.]; Dkt. No. 8, Part 7, at 24-25 [attaching pages 17 and 18 of Agreement contained in Ex. E-2 to Clark Affid.]; Dkt. No. 8, Part 8, at 39 [attaching page 4 of Agreement contained in Ex. E-3 to Clark Affid.]; Dkt. No. 8, Part 9, at 4-6 [attaching pages 3 to 5 of Agreement contained in Ex. F to Clark Affid.].)

As a result, I recommend that the Court issue an Order (1) requiring Defendants to produce their records for the period of December 2004 to date, so that Plaintiffs may subject

them to an audit, (2) requiring Defendants to pay the cost and expense of such an audit, all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit, and (3) requiring Defendants to pay all contributions, deductions, interest and other damages (including liquidated damages) determined to be due and owing as a result of that audit.  I recommend that the scope of the audit be all of the records in Defendants' possession, custody or control as may be necessary to permit Plaintiffs to determine whether Defendants have made full payment to Plaintiffs in the required amounts.  Furthermore, I recommend that the "records" in question include, but not be limited to, all books, papers, reports, payroll records, time cards, accounts payable records, general ledgers, cash disbursement journals, hours reports, and/or records relating to hours worked by any employees of Defendants (including, but not limited to, Union, non-Union, bargaining union and/or non-bargaining unit employees of Defendants).

### III.    SUMMARY AND RECOMMENDATION

Based upon the foregoing, I find that Plaintiffs are entitled to the entry of default judgment awarding them damages in the amount of $12,915.43 consisting of (1) damages for unpaid fringe benefit contributions and deductions in the amount of $2,636.94, (2) interest in the amount of $2,525.34, calculated through November 30, 2006, (3) a statutorily authorized additional amount equal to $3,157.98 (referred to by Plaintiffs as "liquidated damages"), calculated through November 30, 2006, and (4) attorneys' fees and costs in the total amount of $4,595.17.  I also find that Plaintiffs are entitled to interest and a statutorily authorized additional amount of damages incurred during the period of December 1, 2006, through the date of entry of judgment in this action (should Plaintiffs request such interest and an additional amount of damages), assuming that Plaintiffs use the same rates to calculate that interest and additional

amount of damages as they used to calculate the interest and additional amount of damages discussed above in Parts II.C. and II.D. of this Report-Recommendation.  Finally, I find that Plaintiffs are entitled to audit Defendants' records as requested.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Clerk be directed to enter judgment in Plaintiffs' favor and against Defendants in the sum of **$12,915.43**; and it is further

**RECOMMENDED** that, should Plaintiffs (following the issuance of this Report-Recommendation) request interest and a statutorily authorized additional amount of damages incurred during the period of December 1, 2006, through the date of entry of judgment in this action, they be awarded that interest and additional amount of damages, assuming that they use the same rates to calculate that interest and additional amount of damages as they used to calculate the interest and additional amount of damages discussed above in Parts II.C. and II.D. of this Report-Recommendation; and it is further

**RECOMMENDED** that the Court issue an Order (1) requiring Defendants to produce their records for the period of December 2004 to date, so that Plaintiffs may subject them to an audit, the scope of which is described above in Part II.F. of this Report-Recommendation, (2) requiring Defendants to pay the cost and expense of such an audit, all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit, and (3) requiring Defendants to pay all contributions, deductions, interest and other damages (including liquidated damages) determined to be due and owing as a result of that audit.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), Local Rule 72.1(c), and Fed. R. Civ. P. 6(a)(2), the parties have **TEN (10) WORKING DAYS, PLUS THREE (3)**

**CALENDAR DAYS** (*see* Fed. R. Civ. P. 6[d]), from the date of this Report-Recommendation, within which to file objections to this Report-Recommendation. Such objections, if any, shall be filed with the Clerk of the Court. **FAILURE TO FILE TIMELY OBJECTIONS TO THIS REPORT-RECOMMENDATION WILL PRECLUDE LATER APPELLATE REVIEW OF ANY ORDER OF JUDGMENT THAT WILL BE ENTERED**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: April 23, 2008
      Syracuse, New York

                                      George H. Lowe
                                      United States Magistrate Judge